IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| MICHAEL CHRISTOPHER BLOCKER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 112-064 |
| | ) | |
| WILLIAM DANFORTH, Warden, and | ) | |
| SAMUEL S. OLENS, Attorney General of | ) | |
| the State of Georgia, | ) | |
| | ) | |
| Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner brought the above-captioned case pursuant to 28 U.S.C. § 2254. The petition is now before the court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[1] For the reasons set forth below, the Court **FINDS** that the petition is time-barred by the applicable one-year statute of limitations. Accordingly, the Court **REPORTS** and **RECOMMENDS** that the motion to proceed *in forma pauperis* be deemed **MOOT** (doc. no. 2), that the petition be **DISMISSED**, and that this civil action be **CLOSED**.

---

[1]Rule 4 of the Rules Governing Section 2254 Cases states in pertinent part:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

I.  BACKGROUND

According to Petitioner, in January of 2008, he pled guilty to charges of burglary, kidnapping, and rape in the Superior Court of Richmond County.[2] (Doc. no. 1, pp. 3-4.) Petitioner was sentenced to life imprisonment on the rape count and to consecutive twenty-year terms of imprisonment on the other two counts. (Id. at 4.) Petitioner did not file a direct appeal.[3] However, he filed a state habeas petition in the Superior Court of Lowndes County on September 3, 2010, which was denied on February 21, 2011. (Id. at 3-4) The Georgia Supreme Court denied Petitioner's application for a certificate of probable cause to appeal the denial of his state habeas petition. (Id. at 5.)

In the instant petition – which is dated March 9, 2012, and was filed by the Clerk of Court on April 26, 2012 – Petitioner claims that he received ineffective assistance of trial counsel, that he was denied the right to appeal the denial of his state habeas petition, that he was improperly charged with kidnapping, and that the trial court failed to properly evaluate his mental health. (See doc. no. 1, p. 7.)

II. DISCUSSION

Effective April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, amended the statute governing habeas

---

[2]Petitioner does not provide the exact date of his judgment of conviction. (Doc. no. 1, p. 4.)

[3]In response to the question in the instant petition asking if Petitioner appealed from his convictions, he indicates that he did file such an appeal. (Doc. no. 1, p. 4.) However, in the subsequent question, which asks for information regarding the appeal, Petitioner states that he "appealed" by applying for habeas corpus relief in the Superior Court of Lowndes County. (Id.) Therefore, it is apparent from the face of the petition that Petitioner did not file a direct appeal.

2

corpus petitions for state prisoners seeking relief in the federal courts. In pertinent part, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

### A. Finality of Petitioner's Conviction

As Petitioner has outlined no reason to suppose that §§ 2244(d)(1)(B), (C), or (D) apply to the instant case, the instant case is governed by § 2244(d)(1)(A). Under 28 U.S.C. § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." Because Petitioner did not file a direct appeal following his convictions in January of 2008, those convictions became "final" when the 30 day period to appeal expired. O.C.G.A. § 5-6-38(a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of."). The

3

finality of these convictions triggered the one-year statute of limitations for each conviction. Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000) (*per curiam*) ("The statute specifies that during direct appeal the tolling lasts until (or more accurately, the limitations period begins to run from) 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'"). Thus, for the purpose of determining the timeliness of the above-captioned petition, Petitioner's convictions became final, at the latest, in March of 2008.[4]

### B. Application of the Statute of Limitations

As noted above, under the AEDPA, Petitioner had one year from March of 2008 to file his federal habeas corpus petition. However, the Court recognizes that according to the provisions of 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for state post-conviction or other collateral review is pending in state court. Jones v. Nagle, 349 F.3d 1305, 1307 (11th Cir. 2003). Here, Petitioner waited approximately two and one half years after his convictions became final before filing his state habeas petition on September 3, 2010. Therefore, by the time Petitioner filed his state habeas petition, the one-year statue of limitations for filing a federal petition had expired, meaning that no time period remained to be tolled. See Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) ("Once a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas filing deadline does not revive it.") (citing Moore v.

---

[4]As noted previously, Petitioner provides "January 2008" for the date of his judgment of conviction. (Doc. no. 1, p. 4.) While the 30-day period following his convictions likely expired in February of 2008, it is possible that it extended into March. As this one month period makes no difference in this case, the Court will assume Petitioner's convictions became final in March of 2008 for the purposes of its timeliness analysis.

4

Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003)).

The AEDPA describes three other situations which may delay or reset its one-year statute of limitations: (1) where there is a newly discovered factual predicate for a petitioner's claim which could not have been discovered earlier through the exercise of due diligence; (2) where the State has created some "impediment" to filing the application; or (3) where the petitioner asserts a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. §§ 2244(d)(1)(B) – (D) (quoted *supra*). As noted previously, Petitioner has not provided any explanation that would delay or reset his one-year statute of limitations. Thus, the Court concludes that there is no basis for statutory tolling of the AEDPA's one-year statute of limitations.

### C. Equitable Tolling and Claims of Actual Innocence

Similarly, Petitioner has not shown that he is entitled to equitable tolling. Equitable tolling can be applied to prevent the application of the AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. ___, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling, San Martin v. McNeil, 633 F.3d 1257, 1267-68 (11th Cir. 2011), and will not prevail based upon a showing of either extraordinary circumstances or

diligence alone; the petitioner must establish both. See Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1072 (11th Cir. 2011); Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006).

Here, Petitioner has not provided any explanation for the tardiness of his federal petition, let alone an explanation that would satisfy the "extraordinary circumstances" threshold described above. Thus, the Court concludes that there is no basis for equitably tolling the AEDPA's one-year statute of limitations.

Finally, the Court notes that consideration of an otherwise untimely petition for federal habeas relief may be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has resulted in the conviction of someone who is actually innocent." Murray v. Carrier, 477 U.S. 478, 495-96 (1985); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The actual innocence exception "is exceedingly narrow in scope," and a petitioner seeking to invoke it must "show that it is more likely than not that no reasonable juror would have convicted him." Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). "In addition, 'to be credible, a claim of actual innocence must be based on reliable evidence not presented at trial.'" Id. (quoting Calderon v. Thompson, 523 U.S. 538, 559 (1998)); see also Rozzelle v. Fla. Dep't of Corr., 672 F.3d 1000, 1017 (11th Cir. 2012) (*per curiam*) ("To support a claim of actual innocence, a time-barred § 2254 petitioner must present 'new reliable evidence' such that it is more likely than not that 'no reasonable juror would have convicted him in light of the new evidence.'" (quoting Schlup, 513 U.S. at 327)).

Here, Petitioner has not presented any new evidence to suggest that he did not commit the offenses to which he pled guilty such that no reasonable juror would have convicted him. Accordingly, the actual innocence exception does not save the instant petition from being time-barred under the AEDPA.

In sum, because (1) the above-captioned petition was filed more than one year after Petitioner's conviction became final, (2) Petitioner has not pointed to any other valid statutory ground for extending the deadline for filing his federal petition, and (3) Petitioner has not satisfied the requirements for equitable tolling, nor has he presented any arguments sufficient to support a claim of actual innocence, Petitioner's § 2254 petition is time-barred by the AEDPA's one-year statute of limitations.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the motion to proceed *in forma pauperis* be deemed **MOOT** (doc. no. 2), that the petition be **DISMISSED**, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 3rd day of May, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE